Filed 1/15/21  In re S.N. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re S.N., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiffs and Respondents et al.,<br><br>        v.<br><br>SALLY N.,<br><br>    Defendant and Appellant. | G059165<br><br>(Super. Ct. No. 20DP0053)<br><br>ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

This court hereby orders that the opinion filed herein on January 5, 2021, be modified as follows:

1. On page one, within the caption, "Plaintiffs and Respondents et al." should be corrected to read as "Plaintiff and Respondent,"

2. On page one, within the caption, add "MARCO N., Defendant and Respondent;" after "Defendant and Appellant;"

3. On page one, within the caption, add "S.N., a Minor, etc., Appellant." after "Defendant and Respondent;"

After these changes, the caption would read as follows:

In re S.N., a Person Coming Under the
Juvenile Court Law.

ORANGE COUNTY SOCIAL SERVICES
AGENCY,

      Plaintiff and Respondent,

          v.

SALLY N.,

      Defendant and Appellant;

MARCO N.,

      Defendant and Respondent;

S.N., A Minor, etc.,

      Appellant.

4. On page one, within the attorney designation, the listing for Minor and Appellant should be placed first within the attorney designation. The designation should read as follows: "Leslie A. Barry, under appointment by the Court of Appeal, for the Minor and Appellant."

5. On page one, within the attorney designation, the name "Marsha F. Levin" is corrected to read "Marsha F. Levine.

6. On page five, footnote three, second complete sentence, replace the name "Father" with "S.N." and within the same sentence replace the name "S.N." with "Father."

This modification does not change the judgment.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.

3

Filed 1/5/21  In re S.N. CA4/3 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**
**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re S.N., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiffs and Respondents et al.,<br><br>        v.<br><br>SALLY N.,<br><br>    Defendant and Appellant. | G059165<br><br>(Super. Ct. Nos. 20DP0053)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Katherine E. Lewis, Judge.  Reversed and remanded with directions.

John P. McCurley, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent, Orange County Social Services Agency.

Marsha F. Levin, under appointment by the Court of Appeal, for Plaintiff and Respondent, Marcos M.

Leslie A. Barry, under appointment by the Court of Appeal, for the Minor.

\*        \*        \*

In December 2019, Sally N. (Mother) abandoned her seven-year-old daughter S.N., and her two younger sons. S.N.'s father, Marcos M. (Father) was in jail. In January 2020, the Orange County Social Services Agency (SSA) took S.N. and her two brothers into protective custody and filed a juvenile dependency petition. (See Welf. & Inst. Code, § 300 et seq.)[1] Pending a hearing, SSA placed S.N. and her brothers with their maternal uncle (where all three children remain to this day).

In June 2020, the juvenile court conducted a combined jurisdictional and dispositional hearing. Father was now out of jail. The court found that S.N. came within its jurisdiction. As far as the dispositional (or custody) order, although S.N. was not living with Father at the time she was taken into protective custody, or at the time that SSA filed the petition, the court ordered S.N.'s custody to be taken from Mother and "to remain vested with Father."

S.N. and Mother appeal solely from the juvenile court's dispositional order. They argue the court applied the Welfare and Institutions Code section for a custodial parent (§ 361, subd. (c)), rather than for a noncustodial parent (§361.2). SSA aligns itself with the arguments of S.N. and Mother. Father concedes the error. Nevertheless, Father asks this court to affirm the juvenile court's dispositional order.

We reverse the juvenile court's dispositional order and remand for further proceedings. On remand, the court is directed to conduct a new dispositional hearing and to apply the correct legal standards. The court is further directed to obtain updated SSA reports, and to allow for any other relevant evidence to be presented at the hearing.

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

# I
## FACTS AND PROCEDURAL BACKGROUND

In December 2019, Mother lived with her grandmother and her three children from different fathers:  S.N. (seven), A.R. (six), and J.B. (one).[2]  Mother told the maternal great grandmother she was going out to buy Christmas presents and some milk, but about three weeks later Mother had not returned.  Mother had been known to "disappear" for months at a time due to her drug use.  The maternal great grandmother had medical issues and was unable to care for the children.

In January 2020, SSA began an investigation.  A social worker contacted Mother by phone.  Mother said she was using methamphetamine, was presently homeless, and did not have any plans to return home.  Mother said Father was S.N.'s biological father, but Father had not been involved in S.N.'s life.

Father was in custody at the Los Angeles County Jail due to a theft conviction; he was expected to be released on June 3, 2020.  SSA discovered that a temporary domestic violence restraining order protecting Mother and S.N. had been previously issued in 2017 against Father.  SSA also learned that Mother had previously obtained a restraining order against the paternal grandparents due to an allegation of sexual abuse against S.N.

S.N. said she "talked to [Father] on the phone a couple of months ago and would like to talk to him."  Father said he had lived with Mother and S.N. from August 2016 to January 2017.  Father stated he had routine visitations and S.N. was in his care for a week prior to Thanksgiving 2019.  When asked how she would feel if she lived with Father, S.N. said, "It would be a fun time for a couple of days, like visits."  S.N. said she would miss her brothers.

---

[2] Given that this court is remanding for a new dispositional hearing in the juvenile court, the underlying facts are abbreviated.  A.R. and J.B. are not parties to this appeal.

*Court Proceedings*

On January 9, 2020, SSA filed an application for a protective custody warrant for S.N. and her brothers. The juvenile court granted the warrant and placed the three children into the care of their maternal uncle Richard D. Four days later, SSA later filed a juvenile dependency petition. At the detention hearing, the juvenile court ordered Father to have one visit per month while he was in custody, and weekly supervised visitation upon his release.

In June 2020, the juvenile court conducted a combined jurisdiction and disposition hearing over several days. The court admitted into evidence the Jurisdiction/ Disposition report, four addendum reports, and multiple exhibits. The court heard testimony from an SSA social worker, Father, Mother, and the paternal grandmother.

At the conclusion of the hearing, the juvenile court declared S.N. a dependent child. (§ 360, subd. (d).) The court found that custody "is ordered to remain vested with Father. And it's going to be under family maintenance supervision." (§ 361, subd. (c).) The court agreed to briefly stay its ruling.

S.N. and Mother filed notices of appeal. S.N. filed a petition for writ of supersedeas. This court granted the petition and stayed that portion of the juvenile court's order vesting custody with Father pending resolution of this appeal.


II

DISCUSSION

"The juvenile dependency system . . . lists specific situations that will bring a child within the jurisdiction of the juvenile court for dependency proceedings." (*Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 247.) "When the court has found jurisdiction under section 300, it then must conduct a disposition hearing." (*Id*. at p. 248; § 358, subd. (a) ["After finding that a child is a person described in Section 300, the court shall hear evidence on the question of the proper disposition to be made of the child"].)

4

A disposition hearing determines "'where the child will live while under the court's supervision.'" (*In re A.S.* (2011) 202 Cal.App.4th 237, 247, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.)

Generally, an appellate court reviews a dispositional or custody order for an abuse of discretion, and the facts underlying the order for substantial evidence. (*In re K.T.* (2020) 49 Cal.App.5th 20, 25.) "As to the trial court's conclusions of law, however, review is de novo; a disposition that rests on an error of law constitutes an abuse of discretion." (See *In re Charlisse C.* (2008) 45 Cal.4th 145, 159; see also *Choice–In–Education League v. Los Angeles Unified School Dist.* (1993) 17 Cal.App.4th 415, 422 ["The scope of discretion always resides in the particular law being applied; action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an abuse of discretion"].)

"Under section 361, the court removes children from the physical custodial parent." (*In re Luke M.* (2003) 107 Cal.App.4th 1412, 1422-1423.) Generally, a child cannot be taken from the physical custody of a parent "unless the juvenile court finds clear and convincing evidence" that "[t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's . . . physical custody." (§ 361, subds. (c)(1), (d).)[3]

---

[3] Section 361, subdivision (c), concerns the removal of a child from the physical custody of a parent "with whom the child resides at the time the petition was initiated" while section 361, subdivision (d), concerns the removal of a child from the physical custody of a parent "with whom the child did not reside at the time the petition was initiated." Here, it does not appear that Father was—at any relevant point in time—in the physical custody of S.N. (December 2019-June 2020). Thus, neither subdivision (c) or (d) would seem to apply. However, the parties may raise their respective arguments regarding the applicability of section 361, subdivision (d), on remand should they care to do so.

5

"Once removal from the custodial parent under section 361 has occurred, section 361.2 requires the court to evaluate placement with the noncustodial parent based on detriment." (*In re Luke M.* (2003) 107 Cal.App.4th 1412, 1422-1423.)

"If a court orders removal of a child pursuant to Section 361, the court shall first determine whether there is a parent of the child, with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of Section 300, who desires to assume custody of the child. If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child." (§ 361.2, subd. (a).)

S.N. argues: "Father is not a custodial parent subject to the provisions of . . . section 361, subdivision (c), under which a non-offending parent can retain custody. He is a noncustodial parent who is subject to the provisions of section 361.2, under which a noncustodial parent can obtain custody. Thus, the juvenile court erred when it ordered Father was to retain custody of [S.N.]" However, S.N. further argues, "had the juvenile court applied the correct statutory provision, section 361.2, it could not have ordered [S.N.] placed with Father because the evidence compelled a finding that placement with Father would be detrimental to [S.N.]" Mother joins in S.N.'s arguments. SSA aligns itself with S.N. and Mother's arguments.

Father argues: "[S.N.] is correct that that section 361, subdivision (c), governs a child's removal from and/or placement . . . with a *custodial* parent, while section 361.2 applies when a *noncustodial* parent asks to assume custody of a dependent child. Thus, [F]ather agrees as he must, that the juvenile court did err to the extent it applied section 361, subdivision (c), in ordering that [S.N.] be released to father's custody." However, Father further argues had the juvenile court applied the correct provision "it would have reached the same result."

6

Here, the opposing parties agree that the juvenile court applied the wrong legal standards when it ordered custody of S.N. "to remain vested with Father." (§ 361, subd. (c).) We concur. Thus, we find that the juvenile court's dispositional order constitutes an abuse of its discretion. (See *In re Charlisse C.*, *supra*, 45 Cal.4th at p. 159 ["a disposition that rests on an error of law constitutes an abuse of discretion"].)

However, the opposing parties further urge this appellate court to apply the correct legal standards, and then to independently resolve the issue of S.N.'s custody on the merits. (§ 361.2.) On this, we disagree.

This court finds that the more prudent course of action—in the interests of justice and in the best interests of S.N.—is to remand the matter for a new dispositional hearing at which the juvenile court can apply the correct legal standards. And given the non-static nature of juvenile dependency proceedings, we think it wise for the juvenile court to consider on remand whatever conditions may have changed pending this appeal. (See Code Civ. Proc., § 128, subd. (a)(8) [California courts have the inherent power to make orders that "conform to law and justice"];[4] see also *Serena M. v. Superior Court of Fresno County* (2020) 52 Cal.App.5th 659, 672 ["'the underlying purpose of dependency law is to protect the welfare and best interests of the dependent child'"].)

---

[4] "Although provisions of the Code of Civil Procedure 'do not automatically extend to the dependency context,' 'in the absence of a dispositive provision in the Welfare and Institutions Code, we may look to these requirements for guidance.'" (*In re M.F.* (2008) 161 Cal.App.4th 673, 678-679.)

III

DISPOSITION

The juvenile court's dispositional (or custody) order imposed on June 19, 2020, is reversed.  This court's stay imposed on July 15, 2020, is dissolved.

On remand, the juvenile court is directed to conduct a new dispositional hearing and to apply the correct legal standards as discussed in this opinion.  The court is further directed to obtain updated SSA reports and to allow for additional relevant evidence and argument to be presented at the hearing.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.

8